# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GLENN ORES, ) | |
| ) | |
| Plaintiff, ) | No. 13 C 01097 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| VILLAGE OF DOLTON ) | |
| and BOLDEN JONES, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Glenn Ores has filed this lawsuit against the Village of Dolton and its Chief of Police, Bolden Jones, alleging that Jones violated his right to procedural due process (Count 1) and asserting a *Monell* claim against the Village (Count 2).[1] R. 1, Compl. Defendants have moved to dismiss both counts. R. 17. For the reasons stated below, Defendants' motion is denied.

**I. Background**

In evaluating Defendants' motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws reasonable inferences in Ores's favor. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2079 (2011). "As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint."[2] *Rosenblum*

---

[1]The Court has subject matter jurisdiction over this case based on 28 U.S.C. § 1331.
[2]Defendants argue that the Court should also consider two attachments to their motion to dismiss: an excerpt from the Village's collective bargaining agreement with Ores's union and an affidavit from Jones. *See* R. 21, Defs.' Reply Br. at 2-3; *see also* R. 17-1, Defs.' Exhs. A, B. As discussed more fully below, the Court will only consider the collective bargaining agreement. The affidavit, however, is improper. Although Ores's complaint does refer to the suspension memo attached to the Jones affidavit, the affidavit otherwise adds

*v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Plaintiff Glenn Ores was a police officer for the Village of Dolton during 2011 and 2012. Compl. ¶¶ 1, 7. Defendant Bolden Jones was the Village's Chief of Police during that time. *Id.* ¶ 3. In May 2011, two Village police officers were allegedly involved in an excessive-force incident involving an unknown civilian. *Id.* ¶ 8. Ores heard a comment in passing about the incident, just before leaving for a lengthy vacation to Europe. *Id.* ¶ 10. Ores assumed that the officer with first-hand knowledge of the incident would file an official complaint, so Ores left for vacation without filing a complaint. *Id.*

After an investigation, Jones accused Ores of receiving and failing to report the excessive-force complaint, and Jones ultimately suspended Ores for fifteen days (without pay) starting on February 21, 2012. *Id.* ¶¶ 10, 14. Jones did not file formal charges against Ores with the Village of Dolton Board of Fire and Police Commissioners, provide Ores with formal charges, or provide Ores an opportunity to be heard by the Commissioners before his suspension. *Id.* ¶ 15. As a result, Ores lost three weeks' worth of pay and a disciplinary report was placed in his personnel file.[3] *Id.* ¶¶ 16-17. This lawsuit followed.

---

facts to the record that are entirely outside the scope of the facts alleged in Ores's complaint. Therefore, it would be improper to consider the affidavit without converting Defendants' motion into a motion for summary judgment. *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (explaining that documents attached to a motion to dismiss are considered part of the pleadings only "if they are referred to in the plaintiff's complaint and are central to his claim" (internal quotation marks and citation omitted)).

[3]Defendants have since tendered ten days' worth of pay to Ores. *See* R. 14, 5/14/13 Minute Entry.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

Ores raises two claims in his complaint. He alleges that Jones deprived him of his Fourteenth Amendment right to procedural due process by suspending him for fifteen days without providing a formal hearing in front of the Board of Fire and Police Commissioners. Compl. ¶¶ 18-22. Ores also alleges a *Monell* claim against the Village, arguing that Jones, as Chief of Police, was acting as a final "policymaker" when he suspended Ores. *Id.* ¶¶ 23-27. Defendants' motion to dismiss targets both claims. They raise three core arguments: (1) Ores's due-process rights were not violated because he did have administrative remedies to challenge the suspension; (2) Jones is entitled to qualified immunity against individual liability for damages; and (3) Ores has failed to state a *Monell* claim against the Village. The Court addresses each of these arguments in turn.

### A. Due-Process Claim

Defendants frame their argument against Ores's due-process claim as an "exhaustion" issue, that is, the claim purportedly should fail because Ores failed to exhaust his administrative remedies. *See* R. 17, Defs.' Br. at 5-7. This argument is based on a mistaken premise. In general, there is no "exhaustion" requirement for a procedural due-process claim. Instead, there are two central questions that comprise every due-process claim, and as applied here, they are: (1) whether Ores was deprived of a protected property interest, and if so, (2) whether an adequate post-deprivation remedy (or "process") was available to him. *See Price v. Bd. of Educ. of the City of Chi.*, 755 F.3d 605, 607 (7th Cir. 2014); *Leavell v. Ill. Dep't of*

*Natural Res.*, 600 F.3d 798, 804-05 (7th Cir. 2010).[4] If there was an adequate remedy available, then his due-process claim would fail simply because an adequate remedy was available, *not* because he failed to "exhaust" the remedy. Another way to understand this point is to consider the following: even if Ores pursued an available and adequate post-deprivation remedy—that is, he exhausted this other remedy—he *still* would not have a due-process claim because, again, adequate remedies were available. Whether he exhausted or not is neither here nor there. As it turns out, however, there were not any post-deprivation remedies available to Ores.

Defendants argue that Ores did have two remedies available to him: (1) an appeal process under the Illinois Municipal Code and (2) the grievance process under the Village's collective bargaining agreement with Ores's union. *See* Defs.' Br. at 5-8; *see also* Defs.' Reply Br. at 4-5. But surprisingly (and perhaps unwittingly), both the Municipal Code and the collective bargaining agreement place restrictions on appeals from suspensions that exceed five days—and remember, Ores was suspended for fifteen days.

The starting point is that the Illinois Municipal Code generally protects certain municipal police officers (like Ores) from removal or discharge except for "cause." 65 ILCS 5/10-2.1-17 ¶ 1. But the Code then goes on to authorize municipal police chiefs (like Jones) to suspend officers without pay for up to five days:

> Nothing in this Section shall be construed to prevent . . . the chief of the police department from suspending without pay a member of his department

---

[4]Defendants do not seem to dispute that Ores had a property interest in not being suspended for more than five days except for cause. *See* 65 ILCS 5/10-2.1-17.

5

*for a period of not more than 5 calendar days*, but he shall notify the board in writing of such suspension. . . .

65 ILCS 5/10-2.1-17 ¶ 5 (emphasis added). In explaining the available appeal procedure, the Code then states, "Any policeman . . . *so suspended* may appeal to the board of fire and police commissioners for a review of the suspension within 5 calendar days after such suspension . . . ." *Id.* ¶ 6 (emphasis added). In an appeal to the Board, the possible outcomes are that "the board may sustain the action of the chief of the department, may reverse it with instructions that the [officer] receive [the officer's] pay for the period involved, or may suspend the officer for an additional period of not more than 30 days or discharge [the officer], depending upon the facts presented." *Id.* Therefore, if Jones wanted to impose a suspension without pay that was longer than five days, he was required to file a formal charge with the Board of Fire and Police Commissioners. The Board would then review the appeal and determine whether the charge was sustained and what the appropriate punishment would be.

In their reply brief, Defendants concede that Jones did not have authority under the Municipal Code to impose a suspension that exceeded five days. *See* Defs.' Reply Br. at 4 (recognizing that "the 5-day suspension" is "what is statutorily permitted by [the Code]"). Defendants nevertheless argue that Ores could have appealed his suspension to the Board. *See* Defs.' Br. at 5-6. On the face of the statute, however, that was not an option for Ores. The appeals provision (which is in the sixth paragraph of the pertinent section) says that any officer "so suspended" may appeal—referring back to the suspensions described in the fifth paragraph,

6

namely, suspensions of up to five days without pay. 65 ILCS 5/10-2.1-17 ¶¶ 5-6. The Code does not require (or even appear to allow) Ores to invoke the appeal process for a suspension exceeding five days, and it also does not require the Board to hear such an appeal. In short, if the suspension exceeds five days, as it did in this case, the appeal provision in the Code is not even triggered. That seems odd because one would think that a suspension of unauthorized length ought to be appealable (without resorting to a federal due-process claim), but that is not how the statute reads. Perhaps when the parties engage in discovery, it will be revealed that—despite the text of the statute—the Board *does* hear appeals of unauthorized suspensions, and that officers know this. That might be enough to demonstrate that in fact there is an available post-deprivation remedy (an appeal to the Board). But at this pleading stage of the litigation, Ores is entitled to factual inferences in his favor.

The same is true of the collective bargaining agreement.[5] In their reply, Defendants argue that section 6.1 of the agreement "is unmistakably intended to permit police officers of the Village, such as [Ores], to grieve 'discipline imposed by

---

[5]Although Ores does not refer to the collective bargaining agreement in his complaint, the Court will still review the agreement in evaluating this motion to dismiss. A collective bargaining agreement governs the employer-employee relationship as much as a rule or regulation does, particularly where the Illinois Municipal Code authorizes a collective bargaining agreement to be an alternative forum for dispute resolution. *See* 65 ILCS 5/10-2.1-17 ¶¶ 1, 5; *cf. Rosenblum*, 299 F.3d at 661-62 (reviewing an employment agreement that was not attached to the plaintiff's complaint).

Ores also objects that the collective bargaining agreement is unauthenticated. R. 19, Pl.'s Resp. Br. at 5. Beyond this conclusory objection, however, Ores makes no attempt to raise any doubts about the agreement's authenticity. If Ores does challenge the authenticity of the document—for example, if the excerpted portion of the agreement attached to Defendants' motion does not cover the relevant time period—then Ores may flag the problem for the Court in a later motion.

the Chief of Police.'" Defs.' Reply Br. at 4. But Defendants argument is based on an incomplete reading of that provision. In its entirety, that portion of section 6.1 states quite clearly that officers can only grieve "discipline imposed by the Chief of Police *for all matters up to and including suspensions of up to five (5) days.*" R. 17-1, Defs.' Exh. B, CBA § 6.1 (emphasis added). The same section also states that "any dispute or difference of opinion concerning a matter or issue subject to the jurisdiction of the Board of Fire and Police Commissioners shall not be considered a grievance under this Agreement." *Id.* In short, the collective bargaining agreement similarly limits officers' suspension grievances to suspensions that are five days or less. A grievance about a suspension that is longer than five days is not a "grievance," as defined by the agreement.

It might very well be true that a grievance challenging a fifteen-day suspension would "in all likelihood" succeed. Defs.' Reply Br. at 5. Here too, like with the appeal option to the Board, discovery might reveal that Village officers previously have grieved unauthorized suspensions, and that Ores knew he could have done so.[6] But this kind of factual speculation is not appropriate at the motion-to-dismiss stage when the Court must draw all reasonable inferences in *Ores*'s favor. *See al-Kidd*, 131 S. Ct. at 2079; *Craig v. Rich Twp. High Sch. Dist. 227*, 736 F.3d 1110, 1115 (7th Cir. 2013). And from the face of the complaint, the text of the

---

[6]Ores alludes to having filed a grievance in his response brief, but there are no allegations about a grievance in his complaint and it is not clear whether his grievance was successful. *See* Pl.'s Resp. Br. at 7 (stating that Ores "*tried* to grieve" his suspension (emphasis added)).

8

Municipal Code's appeal provision, and the excerpts of the collective bargaining agreement, there was no apparent method of review available to him.

In sum, confined to the complaint, and before discovery has occurred, it appears that there were no post-deprivation procedures available to Ores. Having allegedly received no process at all, Ores has stated a due-process claim against Jones.

### B. Qualified Immunity

Next, Defendants argue that Jones is entitled to qualified immunity. Defs.' Br. at 9. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield public officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Put another way, the general purpose of qualified immunity is "to provide government officials with the ability reasonably [to] anticipate when their conduct may give rise to liability for damages." *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (alteration in original) (internal quotation marks and citation omitted).

Qualified immunity analysis comprises two parts: (1) whether the facts alleged amount to a constitutional violation, and (2) whether the violation was

clearly established at the time of the defendant's conduct. *Pearson*, 555 U.S. at 236 (overruling the mandatory two-step sequence of *Saucier v. Katz*, 533 U.S. 194 (2001)). Courts have discretion to consider whether the violation was clearly established before (or, in some cases, without) determining whether the conduct amounts to a constitutional violation. *Id.* at 236-39.

It should be noted here, however, that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal . . . [as] when defendants do assert immunity it is essential to consider facts in addition to those in the complaint." *Id.* at 652 (ellipsis in original) (internal quotation marks and citation omitted). In spite of this warning, Defendants' qualified-immunity argument relies almost exclusively on facts from the Jones affidavit, which, as already discussed, the Court will *not* consider in reviewing this motion. *See* Defs.' Br. at 9. Instead, based on the facts alleged in the complaint, as well as from the face of the statute and the collective bargaining agreement, a reasonable officer in Jones's position would have known that he was violating Ores's due-process rights by suspending him without pay for fifteen days without providing him notice and an opportunity to be heard. In fact, a reasonable officer in Jones's position would have known that the Chief of Police did not even have the authority to suspend Ores for that long, without referral to the

Board, unless the officer consented to the proposed suspension.[7] The Court therefore rejects Defendants' qualified-immunity argument.

### C. *Monell* Claim

Finally, Defendants argue that Ores's *Monell* claim against the Village must fail.[8] *See id.* at 10. As a municipality, the Village of Dolton is liable under 42 U.S.C. § 1983 only for acts that it has officially sanctioned or ordered; Ores cannot rely simply on a *respondeat superior* theory. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-91 (1978). He must therefore also allege that the deprivation of his due-process rights was caused by a municipal policy or custom. *Kujawski v. Bd. of Commr's*, 183 F.3d 734, 737 (7th Cir. 1999). Unconstitutional policies or customs can take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Rasche v. Vill. of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003).

---

[7]Even if the Court did consider the Jones affidavit, it would confirm that Jones was aware that he did not have the authority to impose a fifteen-day suspension. *See* R. 17-1, Defs.' Exh. A, Jones Aff. at 3 (admitting that Jones knew he did not have the authority to impose the suspension and that he did not obtain written confirmation from Ores that Ores agreed to the fifteen-day suspension).

[8]In their reply brief, Defendants failed to address any of the qualified-immunity or *Monell* arguments that Ores raised in his response brief. The Court cautions Defendants that failure to respond to an argument implies concession and generally results in a waiver of any counterarguments on that point. *See United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2000); *MindGames, Inc. v. W. Publ'g Co.*, 218 F.3d 652, 659 (7th Cir. 2000); *see also Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994).

11

Defendants recognize that Plaintiff has alleged that Jones was a final "policymaker" for purposes of *Monell* liability, but Defendants then seem to ignore that this allegation fits into the third *Monell* category of unconstitutional policies or customs for which a municipality may be held liable. *See* Defs.' Br. at 10. Indeed, as alleged, Jones was the Chief of Police, and he was also the person who made the final decision to suspend Ores for fifteen days. Compl. ¶¶ 3, 14. Under *Monell*, these alleged facts are enough to support the proposition that Jones had final policymaking authority. Again, on summary judgment, there could be more evidence demonstrating that Jones was not the final policymaker for purposes of the fifteen-day suspension. But at the motion-to-dismiss stage, Ores has alleged sufficient facts to state a *Monell* claim against the Village.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss [R. 17] is denied. The status hearing on August 27, 2014, remains in place. The parties should be prepared to discuss how to move forward with this litigation, and the Court strongly encourages the parties to reconsider settlement.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 25, 2014