**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERGEANT GLENN ORES<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF DOLTON, an Illinois Municipality; BOLDEN JONES, individually as Police Chief of the VILLAGE OF DOLTON,<br><br>Defendants. | ) | Case No. 13-cv-01097<br><br>Judge Edmond E. Chang<br><br>Magistrate Geraldine Soat Brown |

***PLAINTIFF SERGEANT GLENN ORES' MOTION FOR SUMMARY JUDGMENT***

NOW COMES the Plaintiff, SERGEANT GLENN ORES, by and through his attorney, WALSH LAW GROUP, P.C., and in accordance with Federal Rules of Civil Procedure 56 and Local Rule 56.1, presents his Motion for Summary Judgment, and in support thereof, moves as follows:

1. Plaintiff has filed a two-count complaint against Defendant Bolden Jones and the Village of Dolton pursuant to Section 1983 alleging violations of procedural due process and municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2. Plaintiff alleges he was the subject of a disciplinary investigation relative to an instance of use of force he learned of after the fact. The investigation included Plaintiff being interrogated, but not informed of the village's evidence against him.

3. Months after the interrogation, Plaintiff alleges Jones gave him a 15-day suspension without pre-deprivation due process. Specifically, the village rules and relevant

Illinois statute required that Plaintiff receive a full hearing in front of the Fire & Police Commission for any suspension in excess of five days.

4. Jones admits that he did not have the authority to suspend Plaintiff for more than five days. Jones admits that he was required to submit Plaintiff's case to the Fire & Police Commission if wanted to suspend Plaintiff for more than five days but still conform to existing law. As the chief of police, he was a final policymaker and was aware that his acts were in violation of existing law.

5. Following the suspension, Plaintiff was unable to avail himself of post-deprivation due process because the two mechanisms in place to provide such process, appeal to the Fire & Police Commission or a union grievance, only allowed for challenges to discipline of five days or less. Plaintiff also did not have any adequate state law remedies.

6. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists." *Custom Companies, Inc. v. North River Ins. Co.*, No. 11 8367, 2012 WL 441170, *3 (N.D. Ill. Feb. 5, 2013). "The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *Id.*

7. The pleadings and discovery have demonstrated that there are no genuine issues of material fact with regard to any defenses and there is insufficient evidence to support the defenses. Accordingly, the Plaintiff is entitled to summary judgment.

8. The facts, arguments and authorities in support of this Motion are fully set forth in Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment, which is hereby incorporated by reference and which is being filed simultaneously with this Motion.

WHEREFORE, Plaintiff SERGEANT GLENN ORES respectfully prays that this Honorable Court enter judgment against Defendants VILLAGE OF DOLTON and BOLDEN JONES and for any other relief the Court deems appropriate.

Respectfully submitted,

WALSH LAW GROUP, P.C.

By: ___/s/ Patrick J. Walsh __
Patrick J. Walsh, Esq.

Patrick J. Walsh, Esq.
WALSH LAW GROUP, P.C.
30 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
(312) 466-7683
ARDC No. 6287629
pw@thewalshlawgroup.com